UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS DEVELOPMENT GROUP, LLC, a Nevada limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>2014-3 IH EQUITY OWNER, LP, a Delaware limited partnership; BANK OF AMERICA, NA, a National Banking Association; MERIDIAN FORECLOSURE SERVICE, a California corporation; THR NEVADA II, LP a Delaware limited partnership; THR PROPERTY BORROWER, LP, a Delaware limited partnership; THR PROPERTY GUARANTOR, LP, a Delaware limited partnership; THR PROPERTY HOLDCO, LP, a Delaware limited partnership; 2014-3 IH PROPERTY HOLDCO, LP, a Delaware limited partnership; 2014-3 IH BORROWER, LP, a Delaware limited partnership; GERMAN AMERICAN CAPITAL CORPORATION, a Maryland corporation; CHRISTIANA TRUST, an unknown business entity; DOE individuals I through XX; and ROE CORPORATIONS I through XX,<br><br>　　　　　　Defendants. | Case No.: 2:15-cv-0917-GMN-NJK<br><br>**AMENDED ORDER**<br><br>**NOTE: This Amended Order is being filed for the sole purpose of correcting the names and addresses of counsel in the Conclusion. All other aspects of the original Order filed on June 30, 2016 at ECF No. 30, remain in full force and effect.** |

　　　Pending before the Court is the Motion to Dismiss (ECF No. 17) filed by Defendants 2014-3 IH Borrower, LP and Christiana Trust ("Trust"). Defendants 2014-3 IH Equity Owner, LP, 2014-3 IH Property Holdco, LP, THR Nevada II, LP, THR Property Borrower, LP, THR Property Guarantor, LP, and THR Property Holdco, LP joined the instant Motion to Dismiss (ECF No. 19). Plaintiff Las Vegas Development Group, LLC filed a Response (ECF No. 23),

and Defendants 2014-3 IH Borrower, LP and Trust filed a Reply (ECF No. 27).  However, because the Court finds that an unsettled question of state law is at least partially dispositive in this case, the Court certifies the following question to the Nevada Supreme Court:

> Does the rule of *SFR Investments Pool I, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014) that foreclosures under NRS 116.3116 extinguish first security interests apply retroactively to foreclosures which occurred prior to the date of that decision?

## I.   BACKGROUND

This case arises out of a homeowners' association foreclosure sale.  On or about July 29, 2005, Arnold Dumlao Dilag and Jocelyn Dilag purchased real property located at 7832 Marksville Street, Las Vegas, Nevada 89149 (the "Property"), secured by a deed of trust (the "DOT") against the Property, which was held by Casa Blanca Mortgage, Inc. ("Casa Blanca"). (Am. Compl. ¶¶ 15, 20–24, ECF No. 11).  On April 27, 2012, Casa Blanca assigned the DOT to Defendant Bank of America, NA ("BANA"). (*Id.* ¶ 25).  After recording a notice of delinquent assessment lien, a notice of default and election to sell, and a notice of trustee's sale, the Cascade Homeowners Association (the "HOA") caused the Property to be sold at auction to Plaintiff Las Vegas Development Group, LLC on June 7, 2011. (*Id.* ¶¶ 28–35).  Plaintiff further alleges that, after recording a notice of default and election to sell and a notice of trustee's sale, BANA and/or Defendant Meridian Foreclosure Service purported to conduct a foreclosure sale based on the DOT, whereby Defendant THR Nevada II purported to purchase the Property. (*Id.* ¶¶ 60–63).[1]  Moreover, Plaintiff alleges that on November 14, 2014, 2014-3 IH Borrower obtained one or mortgages and/or lines of credit from German American Capital, who recorded

---

[1] Plaintiff further alleges that THR Nevada II purported to transfer title to the Property to THR Borrower, who purported to further transfer title to THR Guarantor, who purported to further transfer title to THR Holdco, who purported to further transfer title to 2014-3 IH Holdco, who purported to further transfer title to 2014-3 IH Equity Owner, who purported to further transfer title to 2014-3 IH Borrower. (Am. Compl. ¶¶ 64–69).

a deed of trust against the Property. (*Id.* ¶¶ 70–71).  Plaintiff alleges that Defendant Trust is the current holder of the deed of trust recorded by German American Capital. (*Id.* ¶ 72).

Plaintiff sued the Defendants in this Court to, *inter alia*, quiet title to the Property, i.e., for a declaration that Plaintiff is the title owner of the Property, the HOA Foreclosure Deed is valid and enforceable, the HOA Foreclosure Sale extinguished the applicable Defendants' ownership and security interests in the Property, the subsequent transfers of the Property were null, void and of no effect, and Plaintiff's rights and interest in the Property are superior to any interest claimed by the Defendants. (*Id.* ¶¶ 78–94).  Defendants 2014-3 IH Borrower, LP and Trust filed the instant Motion to Dismiss, arguing, *inter alia*, that the "*SFR* should be applied prospectively only, for it establishes a new principle of law by overruling clear past precedent on which litigants may have relied and by deciding an issue of first impression whose resolution was not clearly foreshadowed." (Mot. Dismiss 19:4–22:4, ECF No. 17).

## II.  LEGAL STANDARD

Pursuant to Rule 5 of the Nevada Rules of Appellate Procedure ("Rule 5"), a United States District Court may certify a question of law to the Nevada Supreme Court "upon the court's own motion." Nev. R. App. P. 5(a)–(b).  Under Rule 5, the Nevada Supreme Court has the power to answer such a question that "may be determinative of the cause then pending in the certifying court and . . . it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state." Nev. R. App. P. 5(a).

Rule 5 also provides that a certification order must specifically address each of six requirements:

(1) The questions of law to be answered;
(2) A statement of all facts relevant to the questions certified;
(3) The nature of the controversy in which the questions arose;
(4) A designation of the party or parties who will be the appellant(s) and the party or parties who will be the respondent(s) in the Supreme Court;
(5) The names and addresses of counsel for the appellant and respondent; and

(6) Any other matters that the certifying court deems relevant to a determination of the questions certified.

Nev. R. App. P. 5(c).

## III. DISCUSSION

In this case, the Court is sitting in diversity jurisdiction; thus Nevada substantive law controls. Because the relevant facts are set forth above, the Court addresses the remaining five requirements below.

First, whether the rule announced in *SFR Invs. Pool I, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014) that foreclosures under NRS § 116.3116 extinguish first security interests applies retroactively to foreclosures occurring prior to the date of that decision is a question of state law.

Second, the retroactivity of *SFR* is at least partially dispositive to the present case. If that case is not retroactive, because the HOA sale in this case occurred prior to the issuance of the SFR decision, Plaintiff would not be entitled to a declaration that the HOA sale extinguished the DOT.

Third, there is no controlling precedent as to the retroactivity of *SFR*. One court in this district has discussed this issue, finding that *SFR* did not apply retroactively pursuant to the test outlined in *Breithaupt v. USAA Prop. & Cas. Ins. Co.*, 867 P.2d 402 (Nev. 1994). *See Trust v. K & P Homes*, 2:15-cv-01534-RCJ-VCF, 2015 WL 6962860, at *5 (D. Nev. Nov. 9, 2015). However, shortly after this ruling, the court decided to certify to the Nevada Supreme Court the same retroactivity question at issue in the instant order. *See Trust v. K & P Homes*, 2:15-cv-01534-RCJ-VCF, 2016 WL 923091 (D. Nev. Mar. 9, 2016).

Accordingly, under Rule 5, answering this certified question is within the power of the Nevada Supreme Court, and the Court finds that a determination of this question would promote judicial efficiency.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 17) filed by Defendants 2014-3 IH Borrower, LP and Christiana Trust is **DENIED without prejudice** with permission to renew this motion within thirty (30) days of the resolution of the Court's Certified Question to the Nevada Supreme Court.

**IT IS FURTHER ORDERED** that the following question of law is **CERTIFIED to the Nevada Supreme Court** pursuant to Rule 5 of the Nevada Rules of Appellate Procedure:

> Whether the rule of *SFR Investments Pool I, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014) that foreclosures under NRS § 116.3116 extinguish first security interests applies retroactively to foreclosures which occurred prior to the date of that decision.

*See* Nev. R. App. P. 5(c)(1). The nature of the controversy and a statement of facts are discussed above. *See* Nev. R. App. P. 5(c)(2)–(3). The moving Defendants[2] are designated as the Appellants, and Plaintiff Las Vegas Development Group, LLC is designated as the Respondent. *See* Nev. R. App. P. 5(c)(4). The names and addresses of counsel are as follows:

**Counsel for the moving Defendants**

Fredrick J Biedermann and Douglas D. Gerrard
Gerrard Cox Larsen
2450 St. Rose Parkway, Suite 200
Henderson, NV 89074

Christina H. Wang
Fidelity National Law Group
2450 St. Rose Pkwy., Ste. 100
Henderson, NV 89074

**Counsel for Plaintiff Las Vegas Development Group, LLC**

Roger P. Croteau and Timothy Rhoda
Roger P. Croteau & Associates, Ltd.

---

[2] The moving Defendants include 2014-3 IH Borrower, LP, Christiana Trust, 2014-3 IH Equity Owner, LP, 2014-3 IH Property Holdco, LP, THR Nevada II, LP, THR Property Borrower, LP, THR Property Guarantor, LP, and THR Property Holdco, LP.

        9120 West Post Road, Suite 100
        Las Vegas, NV 89148

*See* Nev. R. App. P. 5(c)(5). Further elaboration upon the certified question is included in this Order.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall forward a copy of this Order to the Clerk of the Nevada Supreme Court under the official seal of the United States District Court for the District of Nevada. *See* Nev. R. App. P. 5(d).

**DATED** this __1__ day of July, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge