# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LAS VEGAS DEVELOPMENT GROUP, LLC,

         Plaintiff,

   vs.

2014-3 IH EQUITY OWNER, LP, *et al.*,

         Defendants.

Case No.: 2:15-cv-00917-GMN-NJK

**ORDER**

Pending before the Court is Defendant Bank of America, N.A.'s ("BANA") Motion to Dismiss, (ECF No. 46). Plaintiff Las Vegas Development Group, LLC ("Plaintiff") filed a Response, (ECF No. 53), and BANA filed a Reply, (ECF No. 55).[1] For the reasons discussed below, BANA's Motion to Dismiss is **DENIED**.

## I.    BACKGROUND

This case arises from the non-judicial foreclosure on real property located at 7832 Marksville Street, Las Vegas, Nevada 89149 (the "Property"). (*See* Am. Compl. ¶ 15, ECF No. 11). In 2005, Arnold Dumlao Dilag and Jocelyn Dilag (collectively, the "Dilags") purchased the Property. (*Id.* ¶ 20). The Dilags later obtained a loan from Casa Blanca Mortgage, Inc. ("Casa Blanca") in the amount of $280,000.00 secured by a deed of trust ("DOT") recorded on January 5, 2007. (*Id.* ¶¶ 22–24); (DOT, Ex. 1 to BANA's Mot. to Dismiss ("MTD"), ECF No. 46-1).[2]

---

[1] BANA's Motion to Dismiss and Reply in support are joined by Defendants 2014-3 IH Borrower, LP; Christiana Trust; 2014-3 IH Equity Owner, LP; THR Nevada II, LP; THR Property Borrower, LP; THR Property Guarantor, LP; THR Property Holdco, LP; and 2014-3 IH Property Holdco, LP. (*See* ECF Nos. 48, 50, 57, 59).
[2] As matters of public record, the Court takes judicial notice of the documents attached as exhibits to BANA's Motion to Dismiss and Plaintiff's Response. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

Page 1 of 7

Upon the Dilags' failure to pay all amounts due, Cascade Homeowners Association, Inc. ("HOA") recorded a Notice of Delinquent Assessment Lien followed by a Notice of Default and Election to Sell. (Am. Compl. ¶¶ 28–29, 30). A Notice of Trustee's Sale was recorded against the Property on January 11, 2011, and a non-judicial foreclosure occurred on June 7, 2011, through which Plaintiff acquired its interest in the Property. (*Id.* ¶ 32); (*see* Notice of Sale, Ex. 4 to MTD, ECF No. 46-4). On June 8, 2011, a Trustee's Deed Upon Sale was recorded, identifying Plaintiff as the grantee of the Property. (Am. Compl. ¶ 36); (*see* HOA Trustee's Deed, Ex. 2 to Resp., ECF No. 53-2).

Casa Blanca subsequently assigned its interest in the DOT to BANA, which was recorded on April 27, 2012. (*See* Assignment, Ex. 2 to MTD, ECF No. 46-2). Meridian Foreclosure Services ("Meridian"), who was substituted as trustee, proceeded to record a Notice of Default and Election to Sell, and a Notice of Trustee's Sale. (Substitution of Trustee, Ex. 3 to MTD, ECF No. 46-3); (Am. Compl. ¶¶ 60–61). On December 3, 2012, Meridian conducted a foreclosure sale. (*Id.* ¶ 62). THR Nevada II, LP ("THR Nevada") purchased the Property and a Trustee's Deed Upon Sale was recorded on December 21, 2012. (*Id.* ¶¶ 62–63); (*see* Meridian Trustee's Deed, Ex. 7 to MTD, ECF No. 46-7).

Following a series of conveyances, 2014-3 IH Borrower, LP ("IH Borrower") obtained title to the Property on November 14, 2014. (Am. Compl. ¶¶ 64–69). IH Borrower then obtained a loan from German American Capital Corp., who recorded a deed of trust against the Property, and subsequently assigned its deed of trust to Christiana Trust. (*See id.* ¶¶ 70–72).

On July 31, 2015, Plaintiff filed its Amended Complaint asserting the following causes of action against various parties involved in the foreclosure and subsequent sale of the Property: (1) quiet title; (2) unjust enrichment; (3) equitable mortgage; (4) slander of title; (5) conversion; (6) wrongful foreclosure; and (7) rescission. (*Id.* ¶¶ 78–154).

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. **DISCUSSION**

BANA moves to dismiss Plaintiff's Amended Complaint arguing that the Ninth Circuit's decision in *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2296, 2297 (2017),[3] compels a finding that "the HOA foreclosure did not extinguish BANA's first position deed of trust." (Resp. 2:6–7, ECF No. 46).

In *Bourne Valley*, the Ninth Circuit held that NRS § 116.3116's "'opt-in' notice scheme, which required a homeowners' association to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated the lender's constitutional due process rights under the Fourteenth Amendment to the Federal Constitution." *Bourne Valley*, 832 F.3d at 1156. Specifically, the Court of Appeals found that by enacting the statute, the Nevada legislature acted to adversely affect the property interests of mortgage lenders and was thus required to provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an

---

[3] In light of the Nevada Supreme Court's ruling in *SFR Invs. Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248 (Nev. 2018) (en banc), the Court ordered supplemental briefing on "whether a statute that has been found to be facially invalid can be cured by subsequent interpretation by a state supreme court." (Min. Order, ECF No. 63). Plaintiff and BANA timely filed their respective supplemental briefs. (ECF Nos. 64, 65). BANA's supplemental brief was joined by Defendants 2014-3 IH Borrower, LP; Christiana Trust; 2014-3 IH Equity Owner, LP; THR Nevada II, LP; THR Property Borrower, LP; THR Property Guarantor, LP; THR Property Holdco, LP; and 2014-3 IH Property Holdco, LP. (ECF Nos. 66, 67).

opportunity to present their objections." *Id.* at 1159. The statute's opt-in notice provisions therefore violated the Fourteenth Amendment's Due Process Clause because they impermissibly "shifted the burden of ensuring adequate notice from the foreclosing homeowners' association to a mortgage lender." *Id.*

In holding that NRS § 116.3116's opt-in notice scheme is facially unconstitutional, the Ninth Circuit rejected the appellant's argument that NRS § 107.090 should be read into NRS § 116.31168(1) to cure the constitutional deficiency. *Id.* Specifically, the appellant argued that the "incorporation of section 107.090 means that foreclosing homeowners' associations were required to provide notice to mortgage lenders even absent a request." *Id.* The Ninth Circuit, interpreting Nevada law, held that this interpretation "would impermissibly render the express notice provisions of Chapter 116 entirely superfluous." *Id.*

Subsequent to *Bourne Valley*, a court in this District certified the following question to the Nevada Supreme Court: "Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 required a homeowner's association to provide notices of default and/or sale to persons or entities holding a subordinate interest even when such persons or entities did not request notice, prior to the amendment that took effect on October 1, 2015." *Bank of New York Mellon v. Star Hill Homeowners Ass'n*, No. 2:16-cv-02561-RFB-PAL, 2017 WL 1439671, at *5 (D. Nev. Apr. 21, 2017). On August 2, 2018, the Nevada Supreme Court issued its decision on the certified question in *SFR Invs. Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248 (Nev. 2018). The Nevada Supreme Court explicitly "decline[d] to follow the majority holding in *Bourne Valley*, 832 F.3d at 1159," and concluded that "NRS 116.31168 fully incorporated both the opt-in and mandatory notice provisions of NRS 107.090 . . . ." *Id.* at 1253. Therefore, "before the October 1, 2015, amendment to NRS 116.31168, the statute incorporated NRS 107.090's requirement to provide foreclosure notices to all holders of subordinate interests, even when such persons or entities did not request notice." *Id.*

"[A] State's highest court is the final judicial arbiter of the meaning of state statutes." *Gurley v. Rhoden*, 421 U.S. 200, 208 (1975); *see also Knapp v. Cardwell*, 667 F.2d 1253, 1260 (9th Cir. 1982) ("State courts have the final authority to interpret and, where they see fit, to reinterpret that state's legislation."). Federal courts are bound by its respective circuit courts' interpretations of state law only "in the absence of any subsequent indication from the [state] courts that [the federal] interpretation was incorrect." *Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983); *see also Togill v. Clarke*, 877 F.3d 547, 556–60 (4th Cir. 2017) (holding that the Fourth Circuit was bound by the Supreme Court of Virginia's limiting construction of a statute that was previously found to be facially unconstitutional by a federal court). Such rulings may only be reexamined when the "reasoning or theory" of that authority is "clearly irreconcilable" with the reasoning or theory of intervening higher authority. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 979 (9th Cir. 2013) (quoting *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc)). In determining whether intervening higher authority is "clearly irreconcilable," courts must "look at more than the surface conclusions of the competing authority." *Id.* "Rather, the relevant court of last resort must have undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." *Id.* (quoting *Gammie*, 335 F.3d at 900).

Here, the Nevada Supreme Court's interpretation of NRS 116.31168's notice provisions is irreconcilable with the Ninth Circuit's prior interpretation. The Ninth Circuit's conclusion that NRS § 116.3116 violated a lenders' due process rights was explicitly premised upon the Ninth Circuit's interpretation of state law. Specifically, the Ninth Circuit concluded the notice provisions of NRS 107.090 are not incorporated into NRS 116.31168. However, because the Nevada Supreme Court has since rejected the Ninth Circuit's interpretation by holding that the notice provisions of NRS 107.090 are incorporated into NRS 116.31168, *Bourne Valley* is no longer controlling authority with respect to § 116.3116's notice provisions.

Accordingly, because BANA's Motion to Dismiss Plaintiff's Amended Complaint is entirely based upon the Ninth Circuit's holding in *Bourne Valley*, BANA's Motion necessarily fails and is therefore denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that BANA's Motion to Dismiss, (ECF No. 46), is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Magistrate Judge Koppe's order, (ECF No. 62), the parties shall have fourteen (14) days from the entry of the instant Order to file a joint proposed discovery plan.

**DATED** this __31__ day of January, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court