**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAS VEGAS DEVELOPMENT GROUP, LLC, | Case No.: 2:15-cv-00917-GMN-NJK |
| Plaintiff, | |
| vs. | **ORDER** |
| 2014-3 IH EQUITY OWNER, LP, *et al.*, | |
| Defendants. | |

Pending before the Court is the Motion for Summary Judgment filed by Defendants IH Equity Owner, LP, THR Nevada II, LP, THR Property Borrower, LP, THR Property Guarantor, LP, THR Property Holdco, LP, and 2014-2 IH Property Holdco, LP (collectively, "Purchaser Defendants"), (ECF No. 86). Plaintiff Las Vegas Development Group, LLC ("Plaintiff") did not file a response.

Also pending before the Court is Defendant Bank of America's ("BANA's") Motion for Summary Judgment, (ECF No. 87). Plaintiff did not file a response.

Also pending before the Court is BANA and Purchaser Defendants' (collectively, "Defendants") Stipulation to Stay briefing regarding Purchaser Defendants' crossclaims, (ECF No. 110).

Also pending before the Court is Plaintiff's Motion to Extend Time, (ECF No. 111), to respond to Defendants' Motions for Summary Judgment.

For the reasons discussed below, the Court **DENIES** Defendants' Motions for Summary Judgment. The Court **GRANTS** Defendants' Stipulation *nunc pro tunc*. The Court **DENIES** Plaintiff's Motion to Extend.[1]

---

[1] Plaintiff claims that it failed to respond to Defendants' Motions for Summary Judgment because—after misreading Defendants' Stipulation to Stay Briefing on Purchaser Defendants' Crossclaims, (ECF No. 102)—it

Page 1 of 8

## I. BACKGROUND

This case arises from the non-judicial foreclosure sale of real property located at 7832 Marksville Street, Las Vegas, Nevada 89149 (the "Property"). (*See* DOT, Ex. 1 to BANA's Mot. Summ. J. ("MSJ"), ECF No. 87-1). On December 4, 2006, Arnold and Jocelyn Dilag (collectively, "Borrowers") purchased the Property by way of a loan in the amount of $280,000.00 secured by a deed of trust ("DOT") naming Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary, recorded on January 5, 2007. (*Id.*) BANA gained a beneficial interest in the DOT through an assignment recorded on April 27, 2012. (Assignment, Ex. 2 to BANA's MSJ, ECF No. 87-2).

Prior to the assignment, Cascade Homeowners Association, Inc. ("HOA") initiated non-judicial foreclosure proceedings on the Property under NRS Chapter 116. Upon Borrowers' failure to stay current on their payment obligations, Absolute Collection Services, LLC ("ACS"), on behalf of HOA, recorded a notice of delinquent assessment lien, a notice of default and election to sell, and a notice of sale on August 8, 2010, October 15, 2010, and January 21, 2011, respectively. (*See* Notice of Delinquent Assessment Lien, Ex. 7 to BANA's MSJ, ECF No. 87-7); (Notice of Default and Election to Sell, Ex. 8 to BANA's MSJ, ECF No. 87-8); (Notice of Sale, Ex. 9 to BANA's MSJ, ECF No. 87-9).

Before mailing the notices, ACS hired HOA Lawyers Group, LLC to perform a title search for the purpose of ascertaining whom to send notices. (*See* ACS Collection File, Ex. 5 to BANA's MSJ, ECF No. 87-5); (Depo. of Kelly Mitchell, Rule 30(b)(6) Rep. for ACS, Ex. 6 to BANA's MSJ 17:5–14, 21:14–24:10, ECF No. 87-6); (Depo. of David Alessi, Rule 30(b)(6)

---

mistakenly believed the stay also applied to its response deadline. (Mot. Extend ¶¶ 5–6, ECF No. 111). Misreading the parties' Stipulation is not excusable neglect that allows the Court to retroactively extend Plaintiff's deadline. *See* Fed. R. Civ. P. 6(b)(1)(B). Even if it were, Plaintiff's failure to respond would not have been excused by the stay because Plaintiff's response deadline was October 24, 2019, but Defendants did not file their Stipulation until October 28, 2019, and the Court granted Defendants' Stipulation on November 13, 2019. (*See* Order Granting Stip. Ext. Pl.'s Resp. Deadline, ECF No. 97); (Defs.' Stip. Stay, ECF No. 102); (Order Granting Defs.' Stip. Stay, ECF No. 107). Plaintiff's Motion is therefore denied.

Rep. for Alessi & Koenig, LLC and HOA Lawyers Group, Ex. 10 to BANA's MSJ 23:3–25, 39:18–40:22, ECF No. 87-10). ACS did not send the notices to the record beneficiary of the DOT, MERS; instead, it noticed only the lender, Casa Blanca Mortgage, Inc. ("Casa Blanca"). (*Id.*). By that time, however, Casa Blanca had recorded its notice of dissolution with the California Secretary of State and no longer existed as a legal entity. (*See* Cal. Sec. State Business Search, Ex. 11 to BANA's MSJ, ECF No. 87-11) (showing dissolution on August 21, 2009). Unsurprisingly, the notices were returned as undeliverable. (*See* ACS Collection File). ACS proceeded with foreclosure anyway, and it sold Plaintiff the Property for $4,500 at public auction on June 7, 2011. (*See* Trustee's Deed Upon Sale, Ex. 12 to BANA's MSJ, ECF No. 87-12).

Following HOA's NRS Chapter 116 non-judicial foreclosure sale, Meridian Foreclosure Service ("Meridian"), the trustee of the DOT, commenced foreclosure proceedings on the DOT under NRS Chapter 107. (*See* Second Notice of Default, Ex. 16 to BANA's MSJ, ECF No. 87-16); (Second Notice of Trustee's Sale, Ex. 17 to BANA's MSJ, ECF No. 87-17). On December 3, 2012, Meridian sold the Property to Defendant THR Nevada II, LP for $136,600.00. (Second Trustee's Deed Upon Sale, Ex. 18 to BANA's MSJ, ECF No. 87-18).

Defendants now move for summary judgment on their counterclaims and seek a declaration that ACS's NRS Chapter 116 sale was void and did not extinguish the DOT. (*See* Purchaser Defs.' MSJ 2:17–27, ECF No. 86); (BANA's MSJ 7:24–10:2).

## II. <u>LEGAL STANDARD</u>

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is

sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324. At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III. DISCUSSION

Defendants argue the foreclosure sale is void because HOA did not comply with the notice requirements of NRS Chapter 116. However, as explained below, the Court concludes that the sale cannot be set aside at summary judgment because Defendants have not met their burden to demonstrate the notice deficiency prejudiced a party with an interest in the DOT.

Under the Nevada Supreme Court's recent decision in *U.S. Bank v. Resources Group, LLC* ("*Resources Group II*"), an HOA's non-judicial foreclosure sale is void if: (1) the HOA failed to substantially comply with the notice scheme in NRS Chapter 116; (2) a person entitled to notice under NRS Chapter 116 did not have actual notice of the sale; and (3) the notice deficiency prejudiced a party who held an interest in the property at the time of sale. *See* 444 P.3d 442 (Nev. 2019).

Here, HOA did not substantially comply with NRS Chapter 116. An HOA seeking to foreclose on the superpriority portion of its lien must send the notices of default and sale to the

record beneficiaries of junior DOTs. *See* NRS §§ 116.31168(1); 107.090(1) and (4); 116.21163 (requiring HOA to send notice to each "person with an interest" in the property); *see also U.S. Bank, N.A. v. Renovista Ridge Master Prop. Owners Ass'n*, 352 F. Supp. 3d 1034, 1040–41 (D. Nev. 2018); *Nationstar Mortg., LLC v. Sahara Sunrise Homeowners Ass'n*, No. 2:15-cv-01597-MMD-NJK, 2019 U.S. Dist. LEXIS 42231, 2019 WL 1233705, at *3 (D. Nev. Mar. 14, 2019) (explaining notice to MERS is required when it is the record beneficiary of the DOT). Defendants provide uncontroverted evidence that ACS, on behalf of HOA, failed to send MERS the statutorily required notice. (*See* ACS Collection File, Ex. 5 to BANA's MSJ, ECF No. 87-5). Likewise, there is no indication that MERS had actual notice of foreclosure. (*See generally* Defendants' MSJs, ECF Nos. 86–87).

The remaining question for the Court is whether the notice failure prejudiced someone with an interest in the DOT. Purchaser Defendants allege, without evidence, that MERS would have followed its policy of engaging outside counsel, Miles, Bauer, Bergstrom, & Winters ("Miles Bauer"), to tender the superpriority portion of the HOA lien. (*See* Purchaser Defendants' MSJ 16:21–28, ECF No. 86). BANA provides evidence that had Miles Bauer engaged ACS, ACS would have rejected tender. (*See* ACS Initial Disclosures, Ex. 23 to BANA's MSJ, ECF No. 87-23) (demonstrating ACS's policy of responding to offers of tender by rejecting the validity of tender absent concurrent foreclosure on the DOT).

Defendants have not met their burden to demonstrate prejudice. Neither party provides any evidence that MERS was prejudice by the notice defect because Defendants do not demonstrate that MERS would have engaged HOA in an attempt to preserve the DOT. Nor do the parties allege that Casa Blanca, the lender, was prejudiced; Casa Blanca likely could not have been prejudiced because it had dissolved before HOA initiated the foreclosure. (*See* Cal. Sec. of State Business Search, Ex. 11 to BANA's MSJ, ECF No. 87-11) (showing Casa Blanca's dissolution on August 21, 2009); (Notice of Delinquent Assessment Lien, Ex. 7 to

BANA's MSJ, ECF No. 87-7) (indicating foreclosure proceeding commenced on August 8, 2010); (Notice of Sale Ex. 9 to BANA's MSJ, ECF No. 87-9) (indicating the sale occurred on January 21, 2011); (Assignment, Ex. 2 to BANA' MSJ, ECF No. 87-2) (indicating Casa Blanca assigned the DOT to BANA on April 24, 2012). Thus, because there is no evidence that a party with an interest in the DOT would have offered to tender payment to HOA if HOA had provided notice to MERS, the Court cannot conclude that the notice deficiency prejudiced a party with an interest in the DOT.

Given the NRS Chapter 116 sale is not void as a matter of law, the Court is left to determine whether it is voidable. *Resources Group II*, 444 P.3d at 448–49. A sale is voidable when it "was affected by some element of fraud, unfairness, or oppression." *Nationstar Mortg., LLC v. Satico Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 646 (Nev. 2017). Notably, a voidable sale, in contrast to a void sale, cannot defeat the competing title of a bona fide purchaser for value. *Resources Group II*, 444 P.3d at 448; *see also Shadow Wood Homeowners Ass'n v. New York Cmty. Bancorp. Inc.*, 366 P.3d 1105, 1114–16 (Nev. 2016). A bona fide purchaser is one who "takes the property 'for a valuable consideration and without notice of the prior equity, and without notice of facts upon which diligent inquiry would be indicated and from which notice would be imputed to him, if he failed to make such inquiry.'" *Id.* at 1115 (quoting *Bailey v. Butner*, 176 P.2d 226, 234 (Nev. 1947)).

The Court first assesses whether Plaintiff was a bona fide purchaser because, if Plaintiff was, it is irrelevant whether the sale is voidable. Purchaser Defendants argue that because the notice defect renders the sale void, Plaintiff's bona fide purchaser status is irrelevant. (Purchaser Defs.' MSJ 19:18–20:14).[2] BANA argues the same. (BANA's MSJ, 9:17–10:2). The Court has already concluded that Defendants have not met their burden to show that the

---

[2] Purchaser Defendants also argue that Plaintiff is not a bona fide purchaser because Casa Blanca's interest had been recorded. (Purchaser Defs.' MSJ 20:15–21:7). The Nevada Supreme Court explicitly rejected this argument in *Shadow Wood*. 336 P.3d at 116.

sale was void. Even if the sale is voidable, the Court has no evidence before it regarding whether Plaintiff had actual knowledge of the notice defect or whether it would have been revealed by a diligent inquiry. Accordingly, because the evidence provided to the Court does not address Plaintiff's bona fide purchaser status, summary judgment is inappropriate.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Purchaser Defendants' Motion for Summary Judgment, (ECF No. 86), is **DENIED.**

**IT IS FURTHER ORDERED** that BANA's Motion for Summary Judgment, (ECF No. 87), is **DENIED**.

**IT IS FURTHER ORDRED** that Defendants' Stipulation to Stay, (ECF No. 110), is **GRANTED** *nunc pro tunc*. BANA shall file its response to Purchaser Defendants' Motion for Summary Judgment, (ECF No. 86), within fourteen (14) days from entry of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend, (ECF No. 111), is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall file their proposed joint pretrial order by April 24, 2020.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 16-5, this case is **REFERRED** to Magistrate Judge Koppe for a settlement conference.

**DATED** this __25__ day of March, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court