UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS DEVELOPMENT GROUP, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> 2014-3 IH EQUITY OWNER, LP, *et al.*, <br><br> Defendants. | Case No.: 2:15-cv-00917-GMN-NJK <br><br> **ORDER TO SHOW CAUSE** |

Before the Court is the Order to Show Cause ("OSC"), (ECF No. 157). Plaintiff Las Vegas Development Group, LLC ("Plaintiff") filed a Response, (ECF No. 159), to which Defendants 2014-3 IH Equity Owner, LP; THR Nevada II, LP; THR Property Borrower, LP; THR Property Guarantor, LP; and THR Property Holdco, LP (collectively, "Purchaser Defendants") filed a Reply, (ECF No. 163).[1] For the reasons discussed below, the Court **DENIES** summary judgment as per the Order to Show Cause.

I.   **BACKGROUND**

This case arises from the non-judicial foreclosure sale of real property located at 7832 Marksville Street, Las Vegas, Nevada 89149 (the "Property").[2] (*See* DOT, Ex. 1 to BANA's Mot. Summ. J. ("MSJ"), ECF No. 87-1). In its Amended Complaint, Plaintiff alleges the following claims: (1) quiet title against Defendants Bank of America, N.A. ("BANA"); Meridian Foreclosure Service; 2014-3 IH Borrower, LP; 2014-3 IH Equity Owner, LP; 2014-3 IH Property Holdco, LP; THR Nevada II, LP; THR Property Borrower, LP; THR Property

---

[1] Defendant 2014-3 IH Borrower, LP filed a Joinder to Purchaser Defendants' Reply. (*See* Joinder, ECF No. 165).

[2] The parties are familiar with the facts, so the Court will not repeat them here except where necessary to resolve the Motion.

Page 1 of 5

Guarantor, LP; THR Property Holdco, LP; Counter Claimants 2014-3 IH Equity Owner, LP; 2014-3 IH Property Holdco, LP; THR Nevada II, LP; THR Property Borrower, LP; THR Property Guarantor, LP; THR Property Holdco, LP; Cross Claimants 2014-3 IH Equity Owner, LP; 2014-3 IH Property Holdco, LP; THR Nevada II, LP; THR Property Borrower, LP; THR Property Guarantor, LP; THR Property Holdco, LP; German American Capital Corporation; and Christiana Trust (collectively "Defendants"); (2) unjust enrichment against all Defendants; (3) equitable mortgage against all Defendants; (4) slander of title against all Defendants; (5) conversion against BANA and Meridian Foreclosure Service; (6) equitable relief – wrongful foreclosure; and (7) equitable relief – recission. (*See* First Am. Compl., ECF No. 11).

On December 21, 2021, this Court entered an Order to Show Cause ("OSC"), instructing Plaintiff to show cause as to why the Court should not enter summary judgment in favor of BANA in light of new caselaw under *Perla Del Mar* as to futile tender. (*See generally* OSC, ECF No. 157). Plaintiff responded on January 11, 2022. (*See* Resp. to OSC, ECF No. 159).[3] On June 3, 2022, the Court dismissed BANA pursuant to the parties' stipulation of dismissal. (*See* Order Granting Am. Stip. Dismissal, ECF No. 179). The Court discusses its Order to Show Cause below.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(f), a court may, after giving notice and reasonable time to respond, consider granting summary judgment independent of a motion. *See* Fed. R. Civ. Pro. 56(f). Under the Rule, the Court may "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3).

//

---

[3] Counter Claimants filed a Reply to the OSC, (ECF No. 163).

III. **DISCUSSION**

Plaintiff argues that there remains a genuine dispute of material fact as to whether the futility of tender doctrine applies. (Resp. to OSC 6:3–11:22, ECF No. 159). In response, Purchaser Defendants asserts that tender was futile. (Reply to OSC 16:9–20:19). Purchaser Defendants further advance a new argument—that the HOA foreclosure sale is void for failure to provide any notice. (*Id.* 10:5–16:9).

As the Court explained in the OSC, a DOT holder, under Nevada law, must tender the amount of a superpriority lien for the DOT holder to preserve its interest in the property prior to a superpriority foreclosure sale. *See Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 134 Nev. 604, 605, 427 P.3d 113, 116 (2018) (holding that "a first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust."). However, an exception arises if the DOT holder can demonstrate that tender would have been futile because "evidence shows that the party entitled to payment had a known policy of rejecting such payments." *Perla Del Mar*, 458 P.3d at 350. Sister courts in this district have determined that factual findings from other cases, concerning other properties, can establish that ACS, the party entitled to payment, had a known policy of rejecting tender. *HSBC Bank USA, N.A. v. Green Valley Pecos Homeowners Ass'n*, No. 2:16-CV-242 JCM, 2021 U.S. Dist. LEXIS 52101, at *7-8 (D. Nev. Mar. 19, 2021) ("As in other cases where tender was found futile, ACS rejected tenders that had 'paid in full' written on them or were attached to letters that 'contained conditions or restrictions.'"); *see Nationstar Mortg. LLC v. SFR Invs. Pool 1, LLC*, No. 2:15-cv-00583-RCJ-PAL, 2021 U.S. Dist. LEXIS 170998, at *11 (D. Nev. Sep. 9, 2021) ("Relying upon the same testimony as this case, courts have routinely found that NAS has a standing policy to reject sufficient tender payments that insisted on the legally permissible condition of satisfaction of the superpriority amounts. The

evidence in these cases is more than sufficient for this Court to conclude the same here—tender would have been futile.") (citations omitted).

These cases, however, are distinguishable from the facts in the present case because parties there have, at the minimum, presented some evidence in the form of a deposition or declaration that the DOT holder/agent rejected tender.  Defendants point to two cases, *HSBC Bank USA, N.A. v. Green Valley Pecos Homeowners Association*, No. 2:16-cv-00242-JCM-EJY, 2021 WL 1080735 (D. Nev. March 19, 2021) and *U.S. Bank v. BDJ Investments*, Case No.: 2:16-cv-00866-GMN-BNW (D. Nev. Sept. 17, 2021), to support its proposition that ACS has routinely rejected tenders of the superpriority amount. (*See* Reply to OSC 18:3–19:4).  In both cases, however, the Court was persuaded by specific evidence proffered in the case and was *further convinced* from additional evidence in other cases that confirmed ACS's known policy of rejection. *U.S. Bank v. BDJ Investments*, Case No.: 2:16-cv-00866-GMN-BNW (D. Nev. Sept. 17, 2021) (finding that "additional evidence *confirms* that ACS, had a known policy of rejecting superpriority tenders in 2011 and 2012").  In the present case, Defendants have not presented any evidence specific to this case that ACS knowingly rejected tender.  Though the parties deposed Kelly Mitchell, principal of ACS, Ms. Mitchell was not asked whether ACS would have accepted or rejected a check. (*See* Depo. of Kelly Mitchell, Ex. 4 to Resp. to OSC, ECF No. 159-4).

Perhaps most persuasively, Plaintiff provides testimony that questions whether this Court can rely on findings from other cases regarding ACS's policy because ACS representatives have also represented that, pursuant to their policy, ACS accepted all checks. (Resp. to OSC 8:24–11:23).  For example, in *Bank of America, N.A. v. Woodcrest Homeowner's Assn*, No. 2:15-cv-01193-MMD-GWF, Ms. Mitchell testified that "[ACS] would accept all checks.  The only checks we wouldn't submit are the checks that said payment in full." (Depo. of Kelly Mitchell at 19, Ex. 6 to Resp. to OSC, ECF No. 159-6).  Likewise in

*Thomas Jessup LLC Series VII v. Lena Cook*, Ms. Mitchell testified that she "didn't have a protocol with Miles Bauer" as to rejecting the superpriority lien amount. (Depo. of Kelly Mitchell at 56, Ex. 5 to Resp. to OSC, ECF No. 159).  Because there is no evidence in the present case concerning ACS's policy and further, depositions from other cases are conflicting concerning ACS's policy, the Court finds that there remains a genuine dispute of material fact whether ACS had a known policy of rejecting tender.[4]

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that summary judgment as to the issue of futility of tender is **DENIED**.

**IT IS FURTHER ORDERED** that that the parties have thirty (30) days from the date of this Order to file a jointly proposed pretrial order.

**DATED** this   15   day of September, 2022.

_____
Gloria M. Navarro, District Judge
United States District Judge

---

[4] Plaintiff additionally argues that there remain a genuine issue of material fact as to (1) who the owner of the first DOT was at the time of the HOA's Notice of Default and Notice of Sale were mailed; (2) whether that entity received the foreclosure notices; and (3) whether that entity was prejudice if the notices were not received by it. (Resp. to OSC 4:15–18).  The Court, however, previously held that MERS was a record beneficiary of the DOT at the time of the HOA's Notice of Default and Notice of Sale were mailed. (Order Denying Mot. Summ. J. 5:24–6:6).  Furthermore, "Defendants provide uncontroverted evidence that ACS, on behalf of HOA, failed to send MERS the statutorily required notice.  Likewise, there is no indication that MERS had actual notice of foreclosure." (*Id*. 6:7–10).