DOUGLAS D. GERRARD, ESQ.
Nevada Bar No. 4613
dgerrard@gerrard-cox.com
ZAHAVA M. LIEBERMAN, ESQ.
Nevada Bar No. 15953
zlieberman@gerrard-cox.com
**GERRARD COX LARSEN**
2450 St. Rose Parkway, Suite 200
Las Vegas, Nevada 89074
Telephone: (702) 796-4000
*Attorneys for Defendants*
*2014-1 IH Equity Owner, LP*
*THR Nevada II, LP, THR Property Borrower, LP*
*THR Property Guarantor, LP*
*THR Property Holdco, LP*
*2014-1 IH Property Holdco, LP*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS DEVELOPMENT GROUP, LLC, a Nevada limited liability company, <br><br>Plaintiff, <br><br>vs. <br><br>2014-3 IH EQUITY OWNER, LP, a Delaware limited partnership; BANK OF AMERICA, NA, a National Banking Association; MERIDIAN FORECLOSURE SERVICE, a California corporation; THR NEVADA II, LP a Delaware limited partnership; THR PROPERTY BORROWER, LP, a Delaware limited partnership; THR PROPERTY GUARANTOR, LP, a Delaware limited partnership; THR PROPERTY HOLDCO, LP, a Delaware limited partnership; 2014-3 IH PROPERTY HOLDCO, LP, a Delaware limited partnership; 2014-3 IH BORROWER, LP, a Delaware limited partnership; GERMAN AMERICAN CAPITAL CORPORATION, a Maryland corporation; CHRISTIANA TRUST, an unknown business entity; DOE individuals I through XX; and ROE CORPORATIONS I through XX, <br><br>Defendants. | Case No.: 2:15-cv-00917-GMN-NJK <br><br>**JOINT PRETRIAL ORDER** |

Plaintiff Las Vegas Development Group, LLC (**"LVDG"**) and Defendants THR Nevada II, LP (**"THR2"**), 2014-3 IH Borrower, 2014-13 IH Equity Owner, LP, THR Property Borrower, LP,

THR Property Guarantor, LP, THR Property Holdco, LP, and 2014-3 IH Property Holdco, LP (the THR and IH entities collectively, **"THR Entities"**) submit the following proposed joint pretrial order.

Following pretrial proceedings in this case, **IT IS ORDERED**:

I.      **Nature of the action:**

This is a quiet title and declaratory relief matter following two foreclosure sales involving real property located at 7832 Marksville St, Las Vegas, NV 89149 ("**Property**"). LVDG purchased the Property at a HOA lien foreclosure sale conducted pursuant to NRS 116 ("**116 Sale**"), and THR2 subsequently purchased the Property at a deed of trust foreclosure sale conducted pursuant to NRS 107 ("**107 Sale**").  LVDG seeks a declaration that all subordinate liens were extinguished at the time of the 116 Sale; that it acquired title to the Property free and clear of the Deed of Trust that was the subject of the 107 Sale; and that the 107 Sale is void because it was based upon an extinguished security interest. THR2 seeks a declaration that the 116 Sale was void or if not void was subject to the Deed of Trust, and that THR2 acquired title to the Property at the 107 Sale free and clear of LVDG's claimed interest.

The Court entered an order denying summary judgment on March 25, 2020, finding an issue of fact existed for trial related to whether prejudice was suffered as a result of notice not being provided in the manner required by NRS 116. [ECF No. 115].  The Court found Cascade Homeowners Association (**"Cascade HOA"**), through Absolute Collection Services (**"ACS"**), failed to substantially comply with Nevada's statutory notice requirements since the evidence indicated that it did not mail the notice of default or notice of sale to MERS. [ECF No. 115 at 5].  However, the Court concluded that the evidence presented did not demonstrate whether MERS was prejudiced by Cascade HOA's and ACS' failure to substantially comply with Nevada's statutory notice requirements. [ECF No. 115 at 6]. The Court did not address, among other things, whether the 116 Sale should be set aside on equitable grounds or whether LVDG is a bona fide purchaser for value.

**II.     Statement of jurisdiction:**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The diversity of citizenship requirement is met. LVDG is a citizen of Nevada and California. THR Entities are neither Nevada nor California citizens. The amount in controversy requirement is also met. The amount in controversy exceeds $75,000.00. The THR Entities are citizens of the State of Delaware. The amount in controversy requirement is also met because the property's value exceeds $75,000.00.

**III.    The following facts are admitted by the parties and require no proof:**

1.  Nevada adopted Uniform Common Interest Ownership Act as NRS 116, including NRS 116.3116(2), in 1991.

2.  On or about July 22, 2005, Arnold Dumlao Dilag and Jocelyn Dilag ("Borrowers") purchased a property located at 7832 Marksville St, Las Vegas, NV 89149 as reflected in a Grant, Bargain, Sale Deed recorded on July 29, 2005 in the Official Records of Clark County, Nevada, as Instrument No. 20050729-0004278.

3.  The Property is located within the Cascade HOA and is subject to the Cascade HOA's Declaration of Conditions, Covenants, & Restrictions ("CC&Rs"), which were recorded on August 18, 2003 in the Official Records of Clark County, Nevada, as Instrument No. 20030818-01114.

4.  On or about December 4, 2006, the Borrowers refinanced the Property with a $280,000 loan from Casa Blanca Mortgage, Inc. (the **"Loan"**).

5.  The Borrowers secured the Loan with a deed of trust against the Property, recorded on January 5, 2007, in the Official Records of Clark County, Nevada, as Instrument No. 20070105-0001709 (**"2006 DOT"**). The 2006 DOT identified Casa Blanca Mortgage as the original Lender, Mortgage Electronic Registration Systems, Inc. (**"MERS"**) as the Beneficiary, and Financial Title Company as the Trustee.

6. Concurrently with the 2006 DOT, a second deed of trust was recorded against the Property in the Official Records of Clark County, Nevada, as Instrument No. 20070105-0001709 ("**Second DOT**"). The Second DOT is not at issue in this case.

7. On or about November 27, 2007, Casa Blanca Mortgage assigned the Second DOT to IndyMac Bank through that certain Corporation Assignment of Deed of Trust recorded on December 4, 2007 in the Official Records of Clark County, Nevada, as Instrument No. 20071204-0002957.

8. On August 6, 2010, Cascade HOA, through its agent Absolute Collection Services ("**ACS**"), recorded a Notice of Delinquent Assessment Lien in the Official Records of Clark County, Nevada, as Instrument No. 201008-60000298.

9. On October 15, 2010, Cascade HOA, through its agent ACS, recorded a Notice of Default and Election to Sell Under Homeowners' Association Lien in the Official Records of Clark County, Nevada, as Instrument No. 20101015-0003056 ("**NOD**").

10. Cascade HOA, through ACS, did not mail the NOD to MERS, the Beneficiary under the 2006 DOT, but instead mailed the NOD to Casa Blanca Mortgage, as well as IndyMac Bank, among others.

11. On January 21, 2011, Cascade HOA through ACS, recorded a Notice of Trustee's Sale in the Official Records of Clark County, Nevada, as Instrument No. 20110121-0003842 ("**NOS**").

12. Cascade HOA, through ACS, did not mail the NOS to MERS, the Beneficiary under the 2006 DOT, but instead mailed the NOS to Casa Blanca Mortgage, as well as IndyMac Bank, among others.

13. On June 7, 2011, Cascade HOA sold the property at its foreclosure sale ("**116 Sale**") to LVDG for $4,500.00, as reflected in the Trustee's Deed Upon Sale recorded on June 8, 2011 in the Official Records of Clark County, Nevada, as Instrument No. 20110608-0000856 ("**116 Foreclosure Deed**").

14. The 116 Foreclosure Deed stated on its face that "Absolute Collection Services, LLC has complied with all requirements of law including, but not limited to, the elapsing of 90 days, mailing of copies of notice of delinquent assessment and notice of default and the posting and publication of the notice of sale."

15. On or about April 24, 2012, over ten months after the 116 Sale, MERS assigned the 2006 DOT to BANA through a Nevada Assignment of Deed of Trust recorded on April 27, 2012 in the Official Records of Clark County, Nevada, as Instrument No. 20120437-0000036. The Assignment was signed by MERS "solely as nominee for Casa Blanca Mortgage, Inc., DBA Shearson Mortgage, a California Corporation."

16. On May 7, 2012, a Substitution of Trustee related to the 2006 DOT was recorded in the Official Records of Clark County, Nevada, as Instrument No. 20120507-0001779, reflecting Meridian Foreclosure Service (**"Meridian"**) as the new Trustee.

17. On July 25, 2012, Meridian recorded a Notice of Default and Election to Sell Under Deed of Trust in the Official Records of Clark County, as Nevada, as Instrument No. 20120725-0002866.

18. On November 9, 2012, Meridian recorded a Notice of Trustee's Sale related to the 2006 DOT in the Official Records of Clark County, Nevada, as Instrument No. 2012110-9003127.

19. On December 3, 2012, THR2 presented the prevailing bid of $136,000.00 at Meridian's foreclosure sale (**"107 Sale"**) as reflected in the Trustee's Deed Upon Sale recorded on December 21, 2012, in the Official Records of Clark County, Nevada, as Instrument No. 20121221-0003995.

20. On November 14, 2014, THR2 transferred its interest in the Property to THR Property Borrower pursuant to a deed recorded in the Official Records of Clark County, Nevada, as Instrument No. 20141114-0002840.

21. On November 14, 2014, THR Property Borrower transferred its interest in the Property to THR Property Guarantor pursuant to a deed recorded in the Official Records of Clark County, Nevada, as Instrument No.20141114-0002841.

22. On November 14, 2014, THR Property Guarantor transferred its interest in the Property to THR Property Holdco pursuant to a deed recorded in the Official Records of Clark County, Nevada, as Instrument No. 20141114-0002842.

23. On November 14, 2014, THR Property Holdco transferred its interest in the Property to 2014-3 IH Property Holdco pursuant to a deed recorded in the Official Records of Clark County, Nevada, as Instrument No. 20141114-0002843.

24. On November 14, 2014, 2014-3 IH Property Holdco transferred its interest in the Property to 2014-3 IH Equity Owner pursuant to a deed recorded in the Official Records of Clark County, Nevada, as Instrument No. 20141114-0002844.

25. On November 14, 2014, 2014-3 IH Equity Owner transferred its interest in the Property to 2014-3 IH Borrower pursuant to a deed recorded in the Official Records of Clark County, Nevada, as Instrument No. 20141114-0002845.

26. On November 15, 2017, 2014-3 IH Borrower transferred its interest in the Property to THR Nevada II pursuant to a deed recorded in the Official Records of Clark County, Nevada, as Instrument No. 20171115-0001537.

27. On March 20, 2015, LVDG recorded a notice of lis pendens in the Official Records of Clark County, Nevada, as Instrument No. 20150320-0001997.

**IV.    The following facts, though not admitted, will not be contested at trial by evidence to the contrary:**

1. None.

**V.    The following are issues of fact to be tried and determined at trial:**

1. The identity of the entity or entities with an interest in the 2006 DOT and entitled to notice at the time of the notices related to the 116 Sale, and the time periods during which they held an interest.

2. The policies, practices, and procedures of the entity or entities with an interest in the 2006 DOT related to homeowners association lien foreclosure sales in Nevada at the time of notices related to the 116 Sale.

3. The policies, practices, and procedures of MERS related to homeowners association lien foreclosure sales in Nevada at the time of notices related to the 116 Sale.

4. Whether any entity with an interest in the Loan or the 2006 DOT was prejudiced as a result of ACS' failure to send to MERS the statutory notices required by NRS Chapter 116.[1]

5. Whether any entity with an interest in the Loan or the 2006 DOT would have taken any action to satisfy any portion of the HOA lien had MERS been provided with notice of the 116 Sale.

6. Whether it was unfair, fraudulent, or oppressive to any entity with an interest in the Loan or the 2006 DOT that MERS was not provided notice of the 116 Sale.

7. Whether Cascade HOA or ACS had knowledge, during the 116 foreclosure proceedings, of an address it could use to provide actual notice of the 116 Sale to MERS or any entity with an interest in the Loan or the 2006 DOT.

8. Whether LVDG was entitled to rely upon the recitals in the 116 Foreclosure Deed.

9. Whether LVDG had actual notice, constructive notice or reasonable cause to know that any defect existed in the 116 Sale.

10. The degree of LVDG's real estate investment experience prior to the 116 Sale.

---

[1] This Court ruled that Cascade HOA and ACS did not substantially comply with the notice requirements of NRS 116 by failing to send MERS the statutorily required notice. [ECF No. 115].

11. Whether ACS had a known policy of rejecting checks for the superpriority portion of the homeowners association liens at the operative time period.

12. Whether ACS believed the 2006 DOT would be extinguished by the 116 Sale.

13. Whether any entity with an interest in the Loan or the 2006 DOT had knowledge of ACS' policies rejecting tenders for the superpriority portion of a homeowners association lien and ACS' understanding of 116 Sales.

14. Whether the Property was sold at the 116 Sale for an adequate or inadequate price.

15. Whether the 116 Sale should be set aside on equitable grounds because the events proceeding the sale were fraudulent, oppressive, or unfair, coupled with a grossly inadequate price received for the Property.

16. Whether bidding was chilled at the 116 Sale.

17. Whether the Property was sold at the 107 Sale for an adequate or inadequate price.

18. Whether LVDG took any steps to prevent the 107 Sale in advance of the 107 Sale or immediately after the 107 Sale and whether it was required to do so.

19. Whether the 107 Sale was maliciously or fraudulently conducted.

**VI.  The following are issues of law to be tried and determined at trial:**

1. Whether the 116 Sale extinguished the 2006 DOT.

2. Whether the 116 Sale is void or should be equitably set aside under *Nationstar Mortgage, LLC v. Saticoy Bay Series 2227 Shadow Canyon*, 405 P.3d 641 (Nev. 2017) and/or *U.S. Bank, N.A. v. Resources Group, LLC*, 444 P.3d 442 (Nev. 2019).

3. Whether LVDG was a bona fide purchaser for value at the 116 Sale.

4. Whether formal tender was excused under the circumstances at issue herein pursuant to *Perla Del Mar Ave Trust v. Bank of America, N.A., v. Resources Group, LLC*, 458 P.3d 348 (Nev. 2020), as a result of ACS' policies related to NRS Chapter 116 sales.

5. Whether the Cascade HOA and ACS violated due process.

6. Whether LVDG has standing to challenge the 107 Sale.

7. Whether LVDG suffered damages as a result of the 107 Sale and, if so, the extent of such damages.

8. Whether THR2 suffered damages, as a result of the improvements made on the property and other monies spent in relation to the property by THR2 or the THR entities, if the Court declares the 107 Sale invalid, and, if so, the extent of such damages.

9. Whether LVDG's non-quiet title claims are time-barred or otherwise lack merit.

10. Whether LVDG is barred from any relief under the doctrine of unclean hands.

11. Whether the Court should cancel LVDG's lis pendens.

12. Whether LVDG was entitled to rely upon the implied and explicit representations of ACS that the 116 sale was duly and properly noticed and conducted.

13. LVDG's entitlement to damages on each of its claims for relief and the amount thereof.

14. Whether the 116 Sale is void due to the failure of Cascade HOA and its agent ACS, to provide the statutory notices to the Beneficiary under the 2006 DOT.

20. Whether the failure of ACS and Cascade HOA to provide the statutory notices to MERS rendered the 116 Sale void as a matter of law.

21. Whether LVDG suffered monetary damages in the form of lost rental income or otherwise as a result of the 107 Sale, and, if so, the extent of such damages.

22. Whether any applicable entity with an interest in the 2006 DOT received actual notice of the HOA foreclosure proceedings in lieu of statutory notice.

23. Whether THR2 was a bona fide purchaser for value at the 107 Sale.

VII. **The following exhibits are stipulated into evidence in this case and may be so marked by the Clerk.** [2]

| Exh. No. | Document | Bates Number |
|---|---|---|
| 1 | 07/29/05 Grant Bargain Sale Deed | BANA0183 - 0186 |
| 2 | 07/29/05 Deed of Trust | BANA0187 - 0212 |
| 3 | 12/26/05 Substitution of Trustee & Full Reconveyance | BANA0213 - 0214 |
| 4 | 01/05/07 Deed of Trust (2006 DOT) ($280,000.00) (Inst. 20070105-0001709) | BANA0215 - 0243 |
| 5 | 01/05/07 2nd Deed of Trust ($32,000.00) (Inst. 20070105-0001710) | BANA0244 - 0257 |
| 6 | 12/04/07 Corporation Assignment of 2nd Deed of Trust to IndyMac Bank | BANA0258 - 0259 |
| 7 | 07/03/08 Quitclaim Deed to Jocelyn Dilag | BANA0260 - 0262 |
| 8 | Notice of Delinquent Assessment Lien recorded 08/26/2010 | BANA0263 - 0264 |
| 9 | Notice of Default and Election to Sell Under Homeowners Association Lien recorded 10/15/2010 | BANA0265 - 0267 |
| 10 | Notice of Trustee's Sale recorded 01/21/2011 | BANA0268 - 0269 |
| 11 | Trustee's Deed Upon Sale for auction held 06/07/2011, recorded 06/08/2011 | BANA0270 - 0273 |
| 12 | Release of Lien recorded 06/09/2011 | BANA0274 |
| 13 | Assignment of Deed of Trust to BANA recorded 04/27/2012 | BANA0275 - 0276 |
| 14 | Substitution of Trustee | BANA0277 - 0278 |
| 15 | Notice of Default and Election to Sell Under Deed of Trust recorded 07/25/2012 | BANA0279 - 0284 |
| 16 | State of Nevada Foreclosure Mediation Program Certificate | BANA0285 |
| 17 | Notice of Trustee's Sale (under Deed of Trust) recorded 11/09/2012 | BANA0286 - 0288 |
| 18 | Trustee's Deed Upon Sale (under Deed of Trust) recorded 12/21/2012 to THR Nevada II, LP | BANA0289 - 0292 |
| 19 | Grant Bargain Sale Deed to THR Property Borrower, LP recorded 11/14/2014 | InvitationHomes00016 - 00223 |
| 20 | Request for Notice of Foreclosure of Lien from Association | BANA0293 – 0297 |
| 21 | Notice of Lis Pendens recorded 03/20/2015 | BANA0297 – 0299 |
| 22 | Grant Bargain Sale Deed to THR Property Guarantor, LP recorded 11/14/2014 | |
| 23 | Grant Bargain Sale Deed to THR Property Holdco, LP recorded 11/14/2014 | |

---

[2] LVDG objects to Exhibits 45 to 66, which is the evidence related to the tender futility defense which is the subject of a pending Motion For Leave To Allow Additional Evidence And Witnesses (Doc. 185).  Depending upon the manner in which said Motion is resolved, LVDG reserves the right to likewise list additional documents of the sort which the Defendants propose to add pursuant to their Motion.

| # | Description | Bates |
|---|---|---|
| 24 | Grant Bargain Sale Deed to 2014-3 IH Property Holdco, LP recorded 11/14/2014 | |
| 25 | Grant Bargain Sale Deed to 2014-3 IH Equity Owner, LP recorded 11/14/2014 | |
| 26 | Grant Bargain Sale Deed to 2014-3 IH Borrower, LP recorded 11/14/2014 | |
| 27 | Deed of Trust to German American Capital, recorded 11/14/2014 | |
| 28 | Assignment of Deed of Trust to Christiana Trust, recorded 06/17/2014 | |
| 29 | Grant Bargain Sale Deed to THR Nevada II, LP, recorded 11/15/2017 | BANA(DUMLAO) 0375-0390 |
| 30 | Meridian Foreclosure Sale Bid Receipt | IH00408 |
| 31 | Preliminary Title Report from Fidelity National Title Agency of Nevada | IH00409 - 0426 |
| 32 | CC&Rs | BANA0300 - 0374 |
| 33 | Absolute Collection Services, LLC's Collection File In Response To Bank of America, N.A.'s Subpoena Duces Tecum | BANA(DUMLAO) 0001 – 0111 |
| 34 | Certificate of Custodian of Record for Alessi & Koenig, LLC and HOA Lawyers Group | BANA(DUMLAO) 0112 - 0113 |
| 35-A | HOA Lawyers Group Title Report dated October 19, 2010 | BANA(DUMLAO) 0114 – 0169 |
| 35-B | TRI Title Report dated October 20, 2010 and Evidence of Mailing of HOA NOD | BANA(DUMLAO) 0170 - 0178 |
| 35-C | Status Report - HOA Lawyers Group | BANA(DUMLAO) 0179 |
| 35-D | Casa Blanca Mortgage, Inc. documents on California Secretary of State's Website | BANA0391 - 0396 |
| 36 | IndyMac Bank - Google Search Results | IH00306 – 0307 |
| 37 | FDIC Press Release on IndyMac Bank | IH00308 – 0312 |
| 38 | THR Nevada II, LP Ownership Package | IH00313 – 00407 |
| 39 | 07/22/19 LVDG's Responses to BOA's First Set of Request for Admissions | |
| 40-1 | THR Nevada II Responses to BOA's First Set of Interrogatories | |
| 40-2 | THR Nevada II Responses to BOA's First Set of Request for Admissions | |
| 40-3 | THR Nevada II Responses to BOA's First Set Request for Production of Documents | |
| 40-4 | Expert Witness Reports (Lubawy/107 sale) | LUBAWY000001-000015 |
| 41 | Expert Witness Report (Lubawy/116 sale) | LUBAWY000016 – 000029 |
| 42 | Expert Witness Report (Dugan) | |

| 43 | Trustee's Deed Upon Sale, APN:124-21-412-015, Inst. No.20130131-0002132 | IH00571 – 0573 |
|---|---|---|
| 44 | Trustee's Deed Upon Sale, APN: 161-11-112-048, Inst. No. 20130131-0002274 | IH00574 – 0576 |
| 45 | Miles Bauer Bergstrom & Winters, LLP Affidavit (5347 Tipper) (ACS Letter dated June 15, 2010) Miles Bauer Affidavit 06/15/2010 | IH00670-IH00679 |
| 46 | Miles Bauer Bergstrom & Winters, LLP Affidavit (10691 San Palatina) (ACS Letter dated March 4, 2011) | IH00680-IH00689 |
| 47 | Miles Bauer Bergstrom & Winters, LLP Affidavit (4920 Little Cayman) (ACS Letter dated June 6, 2011) | IH00690-IH00699 |
| 48 | Miles Bauer Bergstrom & Winters, LLP Affidavit (2614 White Pine) (ACS Letter dated February 3, 2011) | IH00700-IH00707 |
| 49 | Miles Bauer Bergstrom & Winters, LLP Affidavit (5638 Via Victoria) (ACS Letter dated April 6, 2012) | IH00708-IH00714 |
| 50 | Miles Bauer Bergstrom & Winters, LLP Affidavit (1124 Milpas) (ACS Letter dated July 5, 2012) | IH00715-IH00721 |
| 51 | Miles Bauer Bergstrom & Winters, LLP Affidavit (2117 Summer Lily) (ACS Letter dated July, 26, 2012) | IH00722-IH00729 |
| 52 | Miles Bauer Bergstrom & Winters, LLP Affidavit (8064 Egypt Meadows) (ACS Letter dated September 7, 2012) | IH00730-IH00735 |
| 53 | Miles Bauer Bergstrom & Winters, LLP Affidavit (650 Taliput Palm) (ACS Letter dated September 18, 2012) | IH00736-IH00742 |
| 54 | Miles Bauer Bergstrom & Winters, LLP Affidavit (6552 Coldwater Bay) (ACS Letter dated October 24, 2012) | IH00743-IH00749 |
| 55 | Miles Bauer Bergstrom & Winters, LLP Affidavit (1063 Country Skies)(ACS Letter dated December 11, 2012) | IH00750-IH00756 |
| 56 | Miles Bauer Bergstrom & Winters, LLP Affidavit (7905 Mountain Point)(ACS Letter dated January 2, 2013) | IH00757-IH00763 |
| 57 | Miles Bauer Bergstrom & Winters, LLP Affidavit (7180 North Campbell) (ACS Letter dated February 21, 2013) | IH00764-IH00782 |
| 58 | Miles Bauer Bergstrom & Winters, LLP Affidavit (653 Taliput Palm) (ACS Letter dated March 25, 2013) | IH00783-IH00801 |
| 59 | Deposition Testimony of Kelly Mitchell 30(b)(6) Representative for ACS dated July 11, 2016 (Case # 2:16-cv-00242) | IH00838-IH00854 |
| 60 | Deposition of Kelly Mitchell 30(b)(6) Representative for ACS August 16, 2016 | IH00855-IH00861 |
| 61 | Deposition of Kelly Mitchell 30(b)(6) Representative for ACS January 15, 2019 | IH00862-IH00868 |
| 62 | Deposition of Kelly Mitchell 30(b)(6) Representative for ACS February 6, 2019 | IH00869-IH00875 |
| 63 | Deposition of Kelly Mitchell 30(b)(6) Representative for ACS May 6, 2019 @ 1:46 | IH00876-IH00938 |

| | | | |
|---|---|---|---|
| 64 | | Deposition of Kelly Mitchell 30(b)(6) Representative for ACS May 6, 2019 @ 3:40 pm | IH00939-IH00955) |
| 65 | | Deposition of Kelly Mitchell 30(b)(6) Representative for ACS June 27, 2019 | IH00956-IH00970 |
| 66 | | Kelly Mitchell and Rock Jung Trial Testimony, April 3, 2017, Case No. A-13-693205-C | IH00971-00984 |

**VIII.   Electronic evidence:**

The parties have no intention to present electronic evidence for purposes of jury deliberation. This will be a bench trial. The parties reserve the right to present exhibits electronically for the Court.

**IX.   Depositions:**

The parties reserve the right to use the following deposition transcripts [3]:

A.   Charles Schmidt, 30(b)(6) Representative for LVDG, July 11, 2019

B.   Kelly Mitchell, 30(b)(6) Representative for ACS, July 11, 2019

C.   Nicole Bowdle, 30(b)(6) Representative for THR2, August 12, 2019

D.   David Alessi, 30(b)(6) Representative for Alessi & Koenig, LLC, June 4, 2019

**X.   Witnesses:**

**The following witnesses may be called by the parties at trial:**

(a)   **State the names and addresses of LVDG's witnesses.**

1. Jon Jentz and/or Corporate Designee of Plaintiff,
   LAS VEGAS DEVELOPMENT GROUP, LLC,
   C/O Roger P. Croteau & Associates, Ltd.
   2810 W. Charleston Blvd., #67
   Las Vegas, Nevada 89102

2. Corporate Designee of Defendant
   2014-3 IH EQUITY OWNER, LP,
   C/O Gerrard Cox & Larsen,
   2450 St. Rose Pkwy #200
   Henderson, Nevada 89074

---

[3] The following depositions were taken in the instant case. The parties have listed other depositions as evidence in Section VII.

3. Corporate Designee of Defendant,
   BANK OF AMERICA, NA,
   C/O Akerman LLP
   1635 Village Center Circle, Suite 200
   Las Vegas, Nevada 89134

4. Corporate Designee of Defendant
   MERIDIAN FORECLOSURE SERVICE
   C/O Diane Burnett, President
   9999 Amber Field Street
   Las Vegas, Nevada 89178

5. Corporate Designee of Defendant
   THR NEVADA II, LP
   C/O Gerrard Cox & Larsen
   2450 St. Rose Pkwy #200
   Henderson, Nevada 89074

6. Corporate Designee of Defendant
   THR PROPERTY BORROWER LP
   C/O Gerrard Cox & Larsen
   2450 St. Rose Pkwy #200
   Henderson, Nevada 89074

7. Corporate Designee of Defendant
   THR PROPERTY GUARANTOR, LP
   C/O Gerrard Cox & Larsen
   2450 St. Rose Pkwy #200
   Henderson, Nevada 89074

8. Corporate Designee of Defendant
   THR PROPERTY HOLDCO, LP
   C/O Gerrard Cox & Larsen
   2450 St. Rose Pkwy #200

9. Henderson, Nevada 89074Corporate Designee of Defendant
   2014-3 IH PROPERTY HOLDCO, LP,
   C/O Gerrard Cox & Larsen
   2450 St. Rose Pkwy #200
   Henderson, Nevada 89074

10. Corporate Designee of Defendant
    2014-3 IH BORROWER, LP
    C/O Hutchison & Steffen, PLLC 10080 West Alto Drive, Suite 200
    Las Vegas, Nevada 89145

11. Corporate Designee of Defendant
    GERMAN AMERICAN CAPITAL CORPORATION
    C/O Fidelity National Law Group
    1701 Village Center Circle, Suite 110
    Las Vegas, Nevada 89143

12. Corporate Designee of Defendant
    CHRISTIANA TRUST
    C/O Fidelity National Law Group
    1701 Village Center Circle, Suite 110
    Las Vegas, Nevada 89143

13. Defendant
    ARNOLD DUMLAO DILAG
    913 Antiquity Drive
    Fairfield, California 94534.

14. Defendant
    JOCELYN DILAG
    913 Antiquity Drive
    Fairfield, California 94534

15. Corporate Designee of 2017-2 IH Borrower, LP
    C/O CSC Services of Nevada
    2215-B Renaissance Drive
    Las Vegas, Nevada 89119

16. Corporate Designee of Cascade Homeowners Association, Inc.
    C/O Level Property Management
    8966 Spanish Ridge Avenue, #100
    Las Vegas, Nevada 89148

17. Kelly Mitchell and/or Corporate Designee of Absolute Collection Services, LLC,
    C/O Shane Cox, Esq.
    7485 West Azure Drive, Suite 129
    Las Vegas, Nevada 89130

18. Corporate Representative of OneWest Bank FSB
    888 E. Walnut Street
    Pasadena, California 91101

19. Any and all witnesses called or listed by any other party to this litigation.

(b)     **State the names and addresses of THR Defendants' witnesses**:

1. Corporate Designee for
   2014-3 IH BORROWER, LP
   c/o Hutchison & Steffen, PLLC

GERRARD, COX & LARSEN
2450 St. Rose Parkway, Suite 200
Henderson, NV 89074
O:(702)796-4000 F:(702)796-47848

    10080 W. Alta Drive, Suite 200
    Las Vegas, Nevada 89145
    Phone: (702) 667-3000

2.  Corporate Designee for
    THR NEVADA II, LP
    c/o GERRARD COX LARSEN
    2450 St. Rose Pkwy., Suite 200
    Henderson, Nevada 89074
    Phone: (702) 796-4000

3.  Corporate Designee for
    THR PROPERTY BORROWER, LP
    c/o GERRARD COX LARSEN
    2450 St. Rose Pkwy., Suite 200
    Henderson, Nevada 89074
    Phone: (702) 796-4000

4.  Corporate Designee for
    THR PROPERTY GUARANTOR, LP
    c/o GERRARD COX LARSEN
    2450 St. Rose Pkwy., Suite 200
    Henderson, Nevada 89074
    Phone: (702) 796-4000

5.  Corporate Designee for
    THR PROPERTY HOLDCO, LP
    c/o GERRARD COX LARSEN
    2450 St. Rose Pkwy., Suite 200
    Henderson, Nevada 89074
    Phone: (702) 796-4000

6.  Corporate Designee for
    2014-3 IH PROPERTY HOLDCO, LP
    c/o GERRARD COX LARSEN
    2450 St. Rose Pkwy., Suite 200
    Henderson, Nevada 89074
    Phone: (702) 796-4000

7.  Corporate Designee for
    2014-3 IH EQUITY OWNER, LP
    c/o GERRARD COX LARSEN
    2450 St. Rose Pkwy., Suite 200
    Henderson, Nevada 89074
    Phone: (702) 796-4000

8.  Corporate Designee for
    LAS VEGAS DEVELOPMENT GROUP, LLC
    c/o ROGER P. CROTEAU & ASSOCIATES, LTD.
    2810 W. Charleston Blvd. #67
    Las Vegas, Nevada 89102
    Phone: (702) 254-7775

9. Corporate Designee for
   CASCADE HOMEOWNERS ASSOCIATION, INC.
   c/o Level Property Management
   8966 Spanish Ridge Avenue #100
   Las Vegas, Nevada 89148

10. Corporate Designee for
    BANK OF AMERICA, N.A.
    c/o Akerman, LLP
    1635 Village Center Circle, Suite 200
    Las Vegas, Nevada 89134
    Phone: (702) 634-5000

11. Corporate Designee for
    MORTGAGE ELECTRONIC REGISTRATION SYSTEMS
    P.O. Box 2026
    Flint, MI 48501-2026
    Phone: (888) 679-MERS

12. Kelly Mitchell
    ABSOLUTE COLLECTION SERVICES, LLC
    6440 Sky Pointe Dr., Ste 140-Box 154
    Las Vegas, Nevada 89131
    Phone: (702) 531-3394

13. David Alessi
    c/o HOA Lawyers Group, LLC
    9500 W. Flamingo Road
    Las Vegas, Nevada 89147

14. Charles Schmidt[4]
    c/o ROGER P. CROTEAU & ASSOCIATES, LTD.
    2810 W. Charleston Blvd. #67
    Las Vegas, Nevada 89102
    Phone: (702) 254-7775

15. Jocelyn Dilag
    Address Unknown

16. Arnold Dumlao Dilag
    Address Unknown

17. Nicole Bowdle
    Invitation Homes
    c/o GERRARD COX LARSEN
    2450 St. Rose Pkwy., Suite 200
    Henderson, Nevada 89074
    Phone: (702) 796-4000

---

[4] LVDG has advised the other parties that its FRCP 30(b)(6) witness at the time LVDG was deposed, Charles Schmidt, has died and thus will be unavailable for trial. Another corporate designee will be available for trial. The Defendants intend to use Mr. Schmidt's deposition at the trial as permitted by FRCP 32(a)(3)&(4).

18. Corporate Designee for
    INVITATION HOMES
    c/o GERRARD COX LARSEN
    2450 St. Rose Pkwy., Suite 200
    Henderson, Nevada 89074
    Phone: (702) 796-4000

19. R. Scott Dugan, SRA
    R. Scott Dugan, Appraisal Company, Inc.
    8930 West Tropicana Avenue, Suite 1
    Las Vegas, Nevada 89147
    Phone: (702) 876-2000

20. Corporate Designee for
    ABSOLUTE COLLECTION SERVICES, LLC
    6440 Sky Pointe Dr., Ste 140 – Box 154
    Las Vegas, NV 89131
    Phone: (702)531-3394

21. Doug Miles. Esq. or another Corporate Designee for
    Miles Bauer Bergstrom & Winters, LLP
    575 Anton Road, Suite 300
    Costa Mesa, CA 92626
    Phone: (714) 432-6503

22. Rock K. Jung, Esq.
    Wright, Finlay, & Zak, LLP
    7785 W. Sahara Ave., Suite 200
    Las Vegas, NV 89117
    Phone: (702) 475-7964

23. Adam Kendis
    Miles Bauer Bergstrom & Winters, LLP
    1231 East Dyer Road, Suite 100
    Santa Ana, CA 92705

24. Any and all witnesses identified by any other party to this litigation.

## XI.  Motions *in Limine*:

To date, no party has filed any motions *in limine*.

## XII.  Trial Dates:

The attorneys or parties have met and jointly offer these trial dates: week of February 13, 2023, week of March 13, 2023, or week of April 17, 2023.  It is expressly understood by the undersigned that the Court will set the trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the Court's calendar.

XIII.  **Trial Length:**

It is estimated that the trial will take a total of 3 - 5 days.

APPROVED TO AS TO FORM AND CONTENT:

| **AKERMAN, LLP** | **ROGER P. CROTEAU & ASSOCIATES, LTD.** |
|---|---|
| /s/ DISMISSED FROM CASE<br>MELANIE MORGAN, ESQ.<br>Nevada Bar No. 8215<br>SCOTT R. LACHMAN, ESQ.<br>Nevada Bar No. 12016<br>1635 Village Center Circle, Suite 200<br>Las Vegas, Nevada 89134<br><br>*Attorneys for Bank of America, N.A.* | /s/ Timothy E. Rhoda, Esq.<br>ROGER P. CROTEAU, ESQ.<br>Nevada Bar No. 4958<br>TIMOTHY E. RHODA, ESQ.<br>Nevada Bar No. 7878<br>2810 W. Charleston Boulevard, Suite 67<br>Las Vegas, NV 89102<br><br>*Attorneys for Las Vegas Development Group, LLC* |
| **GERRARD, COX & LARSEN** | **HUTCHINSON & STEFFEN, PLLC** |
| /s/ Douglas D. Gerrard, Esq.<br>DOUGLAS D. GERRARD, ESQ.<br>Nevada Bar No. 4613<br>ZAHAVA M. LIEBERMAN, ESQ.<br>Nevada Bar No. 15953<br>2450 St. Rose Parkway, Suite 200<br>Henderson, NV 89074<br><br>*Attorneys for 2014-13 IH Equity Owner, LP, THR Nevada II, LP, THR Property Borrower, LP, THR Property Guarantor, LP, THR Property Holdco, LP, and 2014-3 IH Property Holdco, LP* | /s/ Todd Prall, Esq.<br>JOHN T. STEFFEN, ESQ.<br>Nevada Bar No. 4390<br>TODD PRALL, ESQ.<br>Nevada Bar No. 9154<br>Peccole Professional Park<br>10080 W. Alta Drive, Suite 200<br>Las Vegas, NV 89145<br><br>*Attorneys for 2014-3 IH Borrower* |

# ORDER

**Action By the Court:**

This case is set for court/~~jury~~ trial on the ~~fixed~~/stacked calendar on  4/24/23 at 8:30 a.m.  .

Calendar call will be held on  4/18/23 at 9:00 a.m. in Courtroom 7D                              .

This pretrial order has been approved by the parties to this action as evidenced by their signatures or the signatures of their attorneys hereon, and the order is hereby entered and will govern the trial of this case. This order may not be amended except by court order and based upon the parties' agreement or to prevent manifest injustice.

_____
UNITED STATES DISTRICT JUDGE

DATED: December 7, 2022